CR 21-196 PJS/TNL

UNITED STATES DISTRICT COURT
District of Minnesota

| | |
|---|---|
| UNITED STATES OF AMERICA, | **INDICTMENT** |
| Plaintiff, | 26 U.S.C. § 7201 |
| | 26 U.S.C. § 7206(1) |
| v. | 26 U.S.C. § 7203 |
| | 18 U.S.C. § 287 |
| 1. CHARLES RANDALL SORENSEN, | |
| Defendant. | |

THE UNITED STATES GRAND JURY CHARGES THAT:

**Introduction**

1. At times relevant to the Indictment:

    a. Defendant CHARLES RANDALL SORENSEN was a commercial airline pilot for Delta Airlines. SORENSEN retired in or about 2016. That year, he earned more than $450,000 in income.

    b. Following his retirement, defendant SORENSEN continued to earn substantial income through an annuity from a former employer and pensions from Delta Airlines and the United States Navy.

    c. In or about January 2017, defendant SORENSEN filed a fraudulent tax return for the 2015 tax year. On the return, SORENSEN admitted that he earned more than $220,000 in income from wages in 2015 but failed to report more than $70,000 in additional income. SORENSEN also falsely claimed a loss of more than $320,000 on the "other income" line of his return. Based on this loss, SORENSEN fraudulently claimed that he was entitled to a $55,365 tax refund. In

SCANNED
SEP 16 2021
U.S. DISTRICT COURT ST. PAUL

reality, however, SORENSEN had no such loss, and was not entitled to a tax refund for 2015. Rather, he owed more than $49,000 in income taxes that year.

d. In or about March 2017, defendant SORENSEN filed a fraudulent tax return for the 2016 tax year. On the return, SORENSEN admitted that he earned more than $450,000 in income in 2016, but fraudulently claimed a loss of more than $686,508 on the "other income" line. Based on this false claimed loss, SORENSEN fraudulently claimed that he was entitled to a $123,370 tax refund. When in reality he owed more than $175,000 in income taxes that year.

e. In 2017, the Internal Revenue Service ("IRS") conducted a civil audit of defendant SORENSEN's 2015 and 2016 tax returns. The audit revealed that the returns were fraudulent and that SORENSEN fraudulently received over $150,000 in tax refunds to which he was not entitled. The audit further revealed that SORENSEN owed a significant amount of income taxes for each of those years.

f. On or about July 2017, the IRS sent an assessment notifying defendant SORENSEN that he owed more than $290,000 in taxes, interest, and penalties for tax years 2015 and 2016. SORENSEN did not pay his tax debt.

g. When defendant SORENSEN failed to pay his tax debt, the IRS began attempting to collect the taxes he owed for calendar years 2015 and 2016. Among other things, the IRS attempted to levy SORENSEN's bank accounts, pension accounts, and retirement accounts.

h. Defendant SORENSEN took steps to hide his income and assets from the IRS and to actively evade the IRS's effort to collect the income taxes he owed

for calendar years 2015 and 2016. Among other things, SORENSEN created and used shell companies. SORENSEN opened bank accounts in the name of the shell companies and then used those accounts to hide his income and assets from the IRS and to evade the IRS's collection of tax debt.

      i.    Defendant SORENSEN also liquidated his retirement accounts and converted his retirement funds into cryptocurrency in an an attempt to evade the IRS's collection of the income taxes he owed.

      j.    In addition to his efforts to actively evade the collection of the taxes he owed, defendant SORENSEN also failed to file a federal income tax return with the IRS for calendar years 2017, 2018, and 2019.

## COUNT ONE
(Filing a False Tax Return)

2.    On or about January 6, 2017, in the state and district of Minnesota and elsewhere, the defendant,

CHARLES RANDALL SORENSEN,

did willfully make and subscribe a U.S. Individual Income Tax Return, for the calendar year 2015, which was verified by a written declaration that it was made under the penalties of perjury and that SORENSEN did not believe to be true and correct as to every material matter. That income tax return, which was filed with the Internal Revenue Service, reported an adjusted gross income of negative $100,057 for 2015 and claimed that SORENSEN was entitled to a $55,365 refund. SORENSEN then and there well knew that he had earned more than $220,000 in total income in 2015 and that he was not entitled to a $55,365 tax refund.

In violation of Title 26, United States Code, Section 7206(1).

## COUNT TWO
(Filing a False Tax Return)

3. On or about March 14, 2017, in the state and district of Minnesota and elsewhere, the defendant,

CHARLES RANDALL SORENSEN,

did willfully make and subscribe a joint U.S. Individual Income Tax Return, for the calendar year 2016, which was verified by a written declaration that it was made under the penalties of perjury and that SORENSEN did not believe to be true and correct as to every material matter. That income tax return, which was filed with the Internal Revenue Service, reported an adjusted gross income of approximately negative $167,289 for 2016 and that he was entitled to a $123,370 refund. SORENSEN then and there well knew that he had earned more than $450,000 in total income in 2016 and that he was not entitled to a $123,370 tax refund.

In violation of Title 26, United States Code, Section 7206(1).

## COUNT THREE
(Tax Evasion)

4. Paragraph 1 is re-alleged as if set forth herein.

5. Beginning in or about 2017, and continuing until in or about 2021, in the State and District of Minnesota and elsewhere, the defendant,

CHARLES RANDALL SORENSEN,

did willfully attempt to evade and defeat the payment of income tax due and owing by him to the United States of America for the calendar years 2015 and 2016, by committing various affirmative acts of evasion, including but not limited to:

    a.    Defendant SORENSEN did have personal bank accounts at Wells Fargo Bank and Wings Financial Credit Union but after the IRS began to attempt collecting the taxes through levies of these accounts, SORENSEN usually only kept a small amount of funds in his personal bank accounts. SORENSEN instead used an account held in the name of a company he controlled called LAWTAM to hide SORENSEN's income and assets from the IRS. After receiving the 2015 and 2016 tax refund checks, SORENSEN deposited these fraudulently obtained tax refunds into the LAWTAM account in order to hide the money from the IRS. SORENSEN used the LAWTAM account to pay his personal expenses while hiding his income and assets from the IRS.

    b.    When the IRS later discovered and levied the remaining funds from the LAWTAM account, SORENSEN opened a new bank account in the name of another company he controlled called LAMP. SORENSEN used the LAMP account to hide his income and assets from the IRS. SORENSEN transferred money from the LAWTAM account into the LAMP account in order to evade the IRS's attempts to collect on his tax debt. SORENSEN also transferred more than $100,000 from two personal bank accounts into the LAMP account. SORENSEN then used the LAMP account to pay personal expenses while hiding his income and assets from the IRS.

    c.    Defendant SORENSEN liquidated his 401(k) retirement account and transferred nearly $200,000 into a cryptocurrency account in an attempt to evade the IRS's efforts to collect his tax debt.

All in violation of Title 26, United States Code, Section 7201.

## COUNT FOUR
(Failure to File a Tax Return)

6.    During the 2017 calendar year, in the state and district of Minnesota, the defendant,

**CHARLES RANDALL SORENSEN,**

had and received taxable income of approximately $315,512. By reason of such income, he was required by law, following the close of the calendar year 2017 and on or before April 17, 2018, to make an income tax return to the Internal Revenue Service Center, at Fresno, California, to a person assigned to receive returns at the local office of the Internal Revenue Service at Fresno, California, or to another Internal Revenue Service office permitted by the Commissioner of Internal Revenue, stating specifically the items of his gross income and any deductions and credits to which he was entitled. Well knowing and believing all of the foregoing, he did willfully fail, on or about April 17, 2018, in the state and district of Minnesota and elsewhere, to make and file an income tax return.

In violation of Title 26, United States Code, Section 7203.

## COUNT FIVE
(Failure to File a Tax Return)

7. During the 2018 calendar year, in the state and district of Minnesota, the defendant,

CHARLES RANDALL SORENSEN,

had and received taxable income of approximately $102,916. By reason of such income, he was required by law, following the close of the calendar year 2018 and on or before April 15, 2019, to make an income tax return to the Internal Revenue Service Center, at Fresno, California, to a person assigned to receive returns at the local office of the Internal Revenue Service at Fresno, California, or to another Internal Revenue Service office permitted by the Commissioner of Internal Revenue, stating specifically the items of his gross income and any deductions and credits to which he was entitled. Well knowing and believing all of the foregoing, he did willfully fail, on or about April 15, 2019, in the state and district of Minnesota and elsewhere, to make and file an income tax return.

In violation of Title 26, United States Code, Section 7203.

## COUNT SIX
(Failure to File a Tax Return)

8. During the 2019 calendar year, in the state and district of Minnesota, the defendant,

CHARLES RANDALL SORENSEN,

had and received taxable income of approximately $69,957. By reason of such income, he was required by law, following the close of the calendar year 2019 and on or before July 15, 2020, to make an income tax return to the Internal Revenue Service Center, at Fresno, California, to a person assigned to receive returns at the local office of the

Internal Revenue Service at Fresno, California, or to another Internal Revenue Service office permitted by the Commissioner of Internal Revenue, stating specifically the items of his gross income and any deductions and credits to which he was entitled. Well knowing and believing all of the foregoing, he did willfully fail, on or about July 15, 2020, in the State and District of Minnesota and elsewhere, to make and file an income tax return.

In violation of Title 26, United States Code, Section 7203.

## COUNT SEVEN
(False Claim)

9. On or about November 3, 2020, in the State and District of Minnesota and elsewhere, the defendant,

CHARLES RANDALL SORENSEN,

made to the Internal Revenue Service a claim upon the United States, that is a 2019 tax return filed on behalf of the "Estate of Charles R. Sorensen" claiming that SORENSEN was entitled to a $1,491,251 tax refund, knowing that the return was false and fraudulent and that he was not entitled to any such refund.

In violation of Title 18, United States Code, Section 287.

A TRUE BILL

_____        _____
ACTING UNITED STATES ATTORNEY            FOREPERSON