UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Case No. 21-cr-196 (PJS/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Charles Randall Sorensen, | |
| Defendant. | |

---

This matter is before the Court on Defendant Charles Randall Sorensen's Motion to Continue Deadlines. (ECF No. 20.) Defendant has also filed a Statement of Facts in Support of Exclusion of Time Under the Speedy Trial Act. (ECF No. 21.) Defendant requests a one-month continuance of the deadline to file disclosures, motions and further deadlines, as there is voluminous discovery, the case involves complex financial and tax transactions, and "the defense needs time to process discovery and review same with experts." (ECF No. 20 at 1; ECF No. 21 at 1.) The Government has no objection to the requested continuance. (ECF No. 20 at 1.)

Additionally, beginning on March 13, 2020, and continuing thereafter, the Honorable John R. Tunheim, Chief District Judge for the United States District Court for the District of Minnesota, has issued a series of General Orders in connection with the COVID-19 pandemic, addressing, among other things, criminal proceedings and trials.[1]

---

[1] All General Orders related to the COVID-19 pandemic may be found on the Court's website at https://www.mnd.uscourts.gov/coronavirus-covid-19-guidance.

1

On December 6, 2021, Chief Judge Tunheim entered General Order No. 32, which allows limited in-person proceedings for defendants who decline to consent to conducting the proceeding using videoconferencing, or telephone conferencing if videoconferencing is not reasonably available.  *See generally In re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*, Gen. Order No. 32 (D. Minn. Dec. 6, 2021).  General Order No. 32 states that because only limited in-person proceedings may be held each day, criminal proceedings may be continued until the date that the criminal proceeding takes place.

General Order No. 32 continues to encourage the use of videoconferencing in criminal proceedings and states that, with the defendant's consent, criminal proceedings will be conducted by videoconferencing, or telephone conferencing if videoconferencing is not reasonably available.[2]  General Order No. 32 further provides that the presiding judge will enter orders in individual cases to extend deadlines and exclude time under the Speedy Trial Act to address delays attributable to COVID-19.  **Accordingly, should Defendant file pretrial motions, counsel shall also file a letter indicating whether Defendant consents to a motions hearing by videoconference.**  (*See also* ECF No. 16.)

Pursuant to 18 U.S.C. § 3161(h), this Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and Defendant in a speedy trial and such continuance is necessary to provide Defendant and his counsel reasonable

---

[2] *See also* General Order No. 33, which went into effect on December 21, 2021, vacated General Order No. 31, and extended the Court's authorization to conduct certain criminal proceedings via video or telephone conference pursuant to the CARES Act "[b]ecause the emergency created by the COVID-19 outbreak continues to materially affect the functioning of court operations in the District of Minnesota." *In re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*, Gen. Order No. 33 (D. Minn. Dec. 17, 2021).

time necessary for effective preparation and to make efficient use of the parties' resources. Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Continue Deadlines (ECF No. 20) is **GRANTED**.

2. The period of time from **December 27, 2021 through March 8, 2022**, shall be excluded from Speedy Trial Act computations in this case.

3. Defendant must make all disclosures required by Federal Rule of Criminal Procedure 16(b) by **January 27, 2022**. D. Minn. LR 12.1(a)(2).

4. All motions in the above-entitled case shall be filed and served consistent with Federal Rules of Criminal Procedure 12(b) and 47 on or before **February 3, 2022**.[3] D. Minn. LR 12.1(c)(1). Two courtesy copies of all motions and responses shall be delivered directly to the chambers of Magistrate Judge Tony N. Leung.[4]

5. **Counsel shall also file a letter on or before February 3, 2022, indicating whether Defendant consents to a motions hearing by videoconference.**

6. **Counsel shall electronically file a letter on or before February 3, 2022, if no motions will be filed and there is no need for a hearing.**

7. All responses to motions shall be filed by **February 17, 2022**. D. Minn. LR 12.1(c)(2).

8. Any Notice of Intent to Call Witnesses[5] shall be filed by **February 17, 2022**.

---

[3] "Before filing a motion under Fed. R. Crim. P. 12(b), the moving party must confer with the responding party. The parties must attempt in good faith to clarify and narrow the issues in dispute." D. Minn. LR 12.1(b).
[4] U.S. Mail or hand-deliver to 300 South Fourth Street, Suite 9W, Minneapolis, MN 55415.
[5] "When a party intends to call witnesses at a hearing on a motion under Fed. R. Crim P. 12(b), the party must file a notice within 35 days after the arraignment. The notice must identify the number of witnesses whom the party intends to call, the motion or motions that each witness will be addressing, and the estimated duration of each witness's testimony." D. Minn. LR 12.1(c)(3)(A).

D. Minn. LR 12.1(c)(3)(A).

9. Any Responsive Notice of Intent to Call Witnesses[6] shall be filed by **February 23, 2022**.  D. Minn. LR 12.1(c)(3)(B).

10. A motions hearing will be held pursuant to Federal Rules of Criminal Procedure 12(c) where:

    a.    The Government makes timely disclosures and a defendant pleads particularized matters for which an evidentiary hearing is necessary; or

    b.    Oral argument is requested by either party in its motion, objection or response pleadings.

11. If required and subject to further order of the Court, the motions hearing shall be heard before Magistrate Judge Tony N. Leung on **March 8, 2022**, at **1:00 p.m.**, in **Courtroom 9W**, Diana E. Murphy U.S. Courthouse, 300 South Fourth Street, **MINNEAPOLIS**, Minnesota 55415.  D. Minn. LR 12.1(d).

12. **TRIAL:**

    a.    **IF NO PRETRIAL MOTIONS ARE FILED BY DEFENDANT: the following trial and trial-related dates are:**

Trial briefs, voir dire questions, proposed jury instructions, and trial-related motions (including motions in limine) must be submitted to Judge Schiltz's chambers by 4:00 p.m. on **March 30, 2022**.  Responses to trial-related motions (including motions in limine) must be submitted by 4:00 p.m. on **April 4, 2022**.

---

[6] "If after reviewing a notice under LR 12(c)(3), a party intends to call witnesses at the same hearing, that party must file a responsive notice within 38 days after the arraignment.  The responsive party must identify the number of witnesses whom the party intends to call, the motion or motions each witness will be addressing, and the estimated duration of each witness's testimony."  D. Minn. LR 12.1(c)(3)(B).

A status conference will be held on **April 8, 2022**, at **9:00 a.m.** in Courtroom 14E, Minneapolis, before District Judge Patrick J. Schiltz.  The government must submit its lists of prospective witnesses and prospective exhibits at this conference.

This case must commence trial on **April 11, 2022**, at **9:00 a.m.** before District Judge Patrick J. Schiltz in Courtroom 14E, U.S. Courthouse, 300 South Fourth Street, **MINNEAPOLIS**, Minnesota.

**b.     IF PRETRIAL MOTIONS ARE FILED, the trial date, and other related dates, will be rescheduled following the ruling on pretrial motions.  Counsel must contact the Courtroom Deputy for District Judge Patrick J. Schiltz to confirm the new trial date.**

Dated: December  28 , 2021            *s/Tony N. Leung*
                                      TONY N. LEUNG
                                      United States Magistrate Judge
                                      District of Minnesota

                                      *United States v. Sorensen*
                                      Case No. 21-cr-196 (PJS/TNL)