UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 21-cr-196 (PJS/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Charles Randall Sorensen, | |
| Defendant. | |

This matter is before the Court on Defendant Charles Randall Sorensen's Motion to Continue Deadlines. (ECF No. 29.) Defendant has also filed a Statement of Facts in Support of Exclusion of Time Under Speedy Trial Act. (ECF No. 30.)

Defendant asks to continue "all deadlines for disclosure, motions, hearings, and trial in this matter" for approximately two months. (ECF No. 29 at 1.) Specifically, Defendant requests that the motion filing deadline be extended to October 31, 2022. (*Id*.) Defendant makes this request for a number of reasons specific to this case. Defendant notes that discovery in this case is complex, involving tax and accounting issues and cryptocurrency transactions. (*Id.*) Defendant has submitted these issues to expert witnesses who are currently engaged in the field of tax preparation and have asked for an extension to thoroughly review, investigate, and prepare opinions in this matter. (*Id.*) Given the unique circumstances of this case, the parties have met and conferred and agreed to a lengthier continuance. (*Id*. at 2.)

1

Pursuant to 18 U.S.C. § 3161(h), this Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and Defendant in a speedy trial and such continuance is necessary to provide Defendant and his counsel reasonable time necessary for effective preparation and to make efficient use of the parties' resources. While this is the fourth continuance and this length of a continuance is atypical, the Court finds that it is warranted given the unique circumstances in this case. **Nonetheless, the Court notes that this is the fourth continuance, and the parties are on notice that the Court may be reluctant to grant another continuance.**

Additionally, beginning on March 13, 2020, and continuing thereafter, the Chief District Judge for the United States District Court for the District of Minnesota has issued a series of General Orders in connection with the COVID-19 pandemic, addressing, among other things, criminal proceedings and trials.[1] On June 1, 2022, the Chief Judge entered General Order No. 36, which allows limited in-person proceedings for defendants who decline to consent to conducting the proceeding using videoconferencing, or telephone conferencing if videoconferencing is not reasonably available. *See generally In re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*, Gen. Order No. 36 (D. Minn. June 1, 2022). General Order No. 36 states that because only limited in-person proceedings may be held each day, criminal proceedings may be continued until the date that the criminal proceeding takes place.

---

[1] All General Orders related to the COVID-19 pandemic may be found on the Court's website at https://www.mnd.uscourts.gov/coronavirus-covid-19-guidance.

General Order No. 36 continues to encourage the use of videoconferencing in criminal proceedings and states that, with the defendant's consent, criminal proceedings will be conducted by videoconferencing, or telephone conferencing if videoconferencing is not reasonably available.  General Order No. 36 further provides that the presiding judge will enter orders in individual cases to extend deadlines and exclude time under the Speedy Trial Act to address delays attributable to COVID-19.  **Accordingly, should Defendant file pretrial motions, counsel shall also file a letter indicating whether Defendant consents to a motions hearing by videoconference.**  (*See also* ECF Nos. 16, 22 at 2, 25 at 3, 28 at 2-3.)

Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Continue Deadlines (ECF No. 29) is **GRANTED**.

2. The period of time from **August 31 through December 6, 2022**, shall be excluded from Speedy Trial Act computations in this case.

3. All motions in the above-entitled case shall be filed and served consistent with Federal Rules of Criminal Procedure 12(b) and 47 on or before **October 31, 2022**.[2] D. Minn. LR 12.1(c)(1).  Two courtesy copies of all motions and responses shall be delivered directly to the chambers of Magistrate Judge Tony N. Leung.[3]

4. **Counsel shall also file a letter on or before October 31, 2022, indicating whether Defendant consents to a motions hearing by videoconference.**

---

[2] "Before filing a motion under Fed. R. Crim. P. 12(b), the moving party must confer with the responding party.  The parties must attempt in good faith to clarify and narrow the issues in dispute."  D. Minn. LR 12.1(b).
[3] U.S. Mail or hand-deliver to 300 South Fourth Street, Suite 9W, Minneapolis, MN 55415.

3

5. **Counsel shall electronically file a letter on or before October 31, 2022, if no motions will be filed and there is no need for a hearing.**

6. All responses to motions shall be filed by **November 15, 2022**. D. Minn. LR 12.1(c)(2).

7. Any Notice of Intent to Call Witnesses[4] shall be filed by **November 15, 2022**. D. Minn. LR 12.1(c)(3)(A).

8. Any Responsive Notice of Intent to Call Witnesses[5] shall be filed by **November 21, 2022**. D. Minn. LR 12.1(c)(3)(B).

9. A motions hearing will be held pursuant to Federal Rules of Criminal Procedure 12(c) where:

   a. The Government makes timely disclosures and a defendant pleads particularized matters for which an evidentiary hearing is necessary; or

   b. Oral argument is requested by either party in its motion, objection or response pleadings.

10. If required and subject to further order of the Court, the motions hearing shall be heard before Magistrate Judge Tony N. Leung on **December 6, 2022**, at **1:30 p.m.**, in **Courtroom 9W**, Diana E. Murphy U.S. Courthouse, 300 South Fourth Street, **MINNEAPOLIS**, Minnesota 55415.  D. Minn. LR 12.1(d).

---

[4] "When a party intends to call witnesses at a hearing on a motion under Fed. R. Crim P. 12(b), the party must file a notice within 35 days after the arraignment.  The notice must identify the number of witnesses whom the party intends to call, the motion or motions that each witness will be addressing, and the estimated duration of each witness's testimony."  D. Minn. LR 12.1(c)(3)(A).

[5] "If after reviewing a notice under LR 12(c)(3), a party intends to call witnesses at the same hearing, that party must file a responsive notice within 38 days after the arraignment.  The responsive party must identify the number of witnesses whom the party intends to call, the motion or motions each witness will be addressing, and the estimated duration of each witness's testimony."  D. Minn. LR 12.1(c)(3)(B).

11.     **TRIAL: The trial date, and other related dates, will be rescheduled following the ruling on pretrial motions. Counsel must contact the Courtroom Deputy for Chief District Judge Patrick J. Schiltz of the United States District Court for the District of Minnesota to confirm the new trial date.**

Dated: September __2__, 2022            *s/Tony N. Leung*
                                        TONY N. LEUNG
                                        United States Magistrate Judge
                                        District of Minnesota

                                        *United States v. Sorensen*
                                        Case No. 21-cr-196 (PJS/TNL)