UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 21-cr-196 (PJS/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Charles Randall Sorensen, | |
| Defendant. | |

Joseph H. Thompson and Allison K. Ethen, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for the Government); and

Kurt B. Glaser, Berglund, Baumgartner & Glaser, LLC, 333 Washington Avenue North, Suite 405, Minneapolis, MN 55401 (for Defendant).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on the following pretrial motions filed by Defendant Charles Randall Sorensen:

1. Rule 16 Request for Pretrial Discovery, ECF No. 17;

2. Motion for Bill of Particulars, ECF No. 19;

3. Motion for Early Disclosure of Jencks Act Material, ECF No. 41;

4. Motion for Grand Jury Transcripts, ECF No. 42;

5. Motion for List of Government Witnesses, ECF No. 43;

6. Motion for Disclosure of 404 Evidence, ECF No. 44;

7. Motion to Disclose Evidence Favorable to the Defendant, ECF No. 45;

8. Motion for Disclosure of Post-Conspiracy Statements of Co-Defendants or Co-Conspirator, ECF No. 46; and

1

9. Motion for Government Agents to Retain Rough Notes, ECF No. 47.

The Government also filed a Motion for Discovery, ECF No. 18.

A hearing was held on February 7, 2023. ECF No. 61. Assistant United States Attorneys Joseph H. Thompson and Allison K. Ethen appeared on behalf of the Government. Attorney Kurt B. Glaser appeared on behalf of Defendant. Based upon the record, memoranda, and oral arguments, **IT IS HEREBY ORDERED** as follows:

1. Defendant's Rule 16 Request for Pretrial Discovery, ECF No. 17, is **GRANTED IN PART** and **DENIED IN PART**. The Government's Motion for Discovery, ECF No. 18, is **GRANTED**.

The Government seeks discovery available under Federal Rules of Criminal Procedure 12.1, 12.2, 12.3, 16(b), and 26.2. *See generally* ECF No. 18. Accordingly, the Court grants the Government's motion for discovery.

Generally citing "Rule 16 of the Federal Rules of Criminal Procedure, and such other statutory and constitutional rules relating to discovery," Defendant seeks a laundry list of discovery. *See generally* ECF No. 17 ¶¶ 1-22. Some of the materials requested are subject to disclosure under Rule 16(a)(1)(A) through (G) of the Federal Rules of Criminal Procedure. *See, e.g.*, ECF No. 17 ¶¶ 1-3, 5-6, 22. Defendant also seeks an order for continuing disclosure and requests that the discovery be produced "no later than three working days after the hearing date." ECF No. 17 at 5.

At the hearing, the Government and Defendant addressed reciprocal expert discovery, and both were agreeable to 28 days before trial for principal expert disclosures and 14 days before trial for rebuttal expert disclosures.

Defendant's motion is granted in part to the extent he seeks responsive information subject to disclosure under Rule 16(a)(1)(A), (B), (D), (E), and (F) that remains in the Government's control and has not yet been produced. Such information shall be produced as soon as practicable. Defendant's motion is further granted in part to the extent he seeks discovery and disclosures ordered produced elsewhere in this Order or that the Government is otherwise obligated to disclose by law.

Consistent with the parties' agreement, no later than 28 days prior to trial, the parties shall make their principal expert disclosures, and, no later than 14 days prior to trial, the parties shall make any rebuttal expert disclosures. *See* Fed. R. Crim. P. 16(a)(1)(G), (b)(1)(C).

And, while the Court has no reason to doubt that the Government will honor its continuing disclosure obligations under Rule 16(c), any responsive information or material subject to disclosure that subsequently comes into the Government's possession, knowledge, or control shall be produced in a timely fashion.

Defendant's motion is denied in all other respects. *See United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000).

2. Defendant's Motion for Bill of Particulars, ECF No. 19, and Defendant's Motion for Grand Jury Transcripts, ECF No. 42, are **DENIED AS MOOT**.

Defendant moves "for an Order requiring the Government to file a Bill of Particulars so that [he] can learn what acts and transactions are being alleged to form the relevant Counts of the Indictment." ECF No. 19 at 1. Defendant argues that a Bill of Particulars is necessary because the Indictment "fails to ascribe conduct alleging how [he] acted in either

a willful or knowingly false manner." *Id*. Defendant also moves "for an Order permitting defense counsel to inspect and copy the minutes and transcripts of the grand jury which returned the indictment . . . ." ECF No. 42 at 1.

At the hearing, the parties agreed that the motions were moot because the Government produced the grand jury transcripts to Defendant. With the understanding that Defendant could have two weeks to review the grand jury transcripts and file any additional briefing two weeks after the hearing if he had anything additional to add, the parties agreed that the motions could be denied as moot. Defendant did not file any post-hearing briefing. Accordingly, Defendant's Motion for Bill of Particulars and Motion for Grand Jury Transcripts are denied as moot.

3. Defendant's Motion for Early Disclosure of Jencks Act Material, ECF No. 41, is **DENIED**.

Defendant seeks early disclosure of Jencks Act materials, requesting that such materials be disclosed at least two weeks prior to trial. ECF No. 41 at 1. While the Government objects to any Court-ordered early disclosure, the Government states that it "has already provided all interview reports and grand jury transcripts to the defense," and will produce any additional Jencks Act materials that comes into the Government's possession "on a rolling basis." Gov't's Consolidated Resp. at 7, ECF No. 59.

By its terms,

> [t]he Jencks Act does not compel the government to produce a statement or report of a government witness until after the witness has testified on direct examination, after which the defendant may move for the production of any statements in the government's possession made by that witness relating to

4

the subject matter of his testimony.

*United States v. Green*, 151 F.3d 1111, 1115 (8th Cir. 1998); *see* 18 U.S.C. § 3500(b). "Although in many cases the government freely discloses Jencks Act material to the defense in advance of trial, the government may not be required to do so." *Green*, 151 F.3d at 1115 (quotation omitted); *accord United States v. Wilson*, 102 F.3d 968, 971-72 (8th Cir. 1996). Defendant's request for early disclosure of Jencks Act materials is therefore denied. While the Court is not ordering the Government to disclose Jencks Act materials early, the Court encourages the parties to disclose such materials, as the Government agrees to do, "on a rolling basis." *See* Gov't's Consolidated Resp. at 7.

4. Defendant's Motion for List of Government Witnesses, ECF No. 43, is **GRANTED IN PART** and **DENIED IN PART**.

Defendant requests that the Government be ordered "to produce a list of all persons and their addresses whom the government intends to call as witnesses at trial." ECF No. 43 at 1. The Government objects to the motion and states that "trial courts always order the government to provide a witness list in advance of trial as part of the standard trial scheduling order." Gov't's Consolidated Resp. at 8.

"A federal criminal defendant generally has no right to know about government witnesses prior to trial." *United States v. Polk*, 715 F.3d 238, 249 (8th Cir. 2013) (quotation omitted); *see also, e.g.*, *United States v. Sandoval-Rodriguez*, 452 F.3d 984, 990 (8th Cir. 2006) ("As a general rule, a defendant in a noncapital case has no right to require disclosure of government witnesses." (quotation omitted)). Defendant's motion is granted only to the extent such disclosure may be ordered by the district court in preparation for trial, and is

5

otherwise denied.

5.      Defendant's Motion for Disclosure of 404 Evidence, ECF No. 44, is **GRANTED IN PART and DENIED IN PART**.

Defendant requests that the Government "immediately disclose any 'bad act' or 'similar course of conduct' evidence it intends to offer at trial pursuant to Rule 404 of the Federal Rules of Evidence." ECF No. 44 at 1. The Government responds that it is aware of and will comply with its obligations under Rule 404(b). Gov't's Consolidated Resp. at 8. The Government requests that such disclosures be made 14 days before trial. *Id*. At the hearing, Defendant was agreeable to the Government's proposal to make such disclosures 14 days before trial.

Rule 404(b) requires the Government to provide reasonable written notice before trial when evidence of a crime, wrong, or other act will be used to "prov[e] motive opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2); *see* Fed. R. Evid. 404(b)(3)(A) (prosecutor must "provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it"), (C) (in writing). The Government is required to "articulate in the notice the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B).

"Rule 404(b) . . . applies to the admission of wrongful-act evidence that is extrinsic to the charged offense . . . ." *United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir. 2010). It does not apply to intrinsic evidence. *Id.*; *see also United States v. Beltz*, 385 F.3d

6

1158, 1162 (8th Cir. 2004) ("Evidence that is relevant to the crime charged is not other crimes evidence."). "Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred." *Ruiz-Chavez*, 612 F.3d at 988 (quotation omitted).

Rule 404(b) does not require that the Government "disclose directly or indirectly the names and addresses of its witnesses, something it is currently not required to do under [Fed. R. Crim. P.] 16." Fed. R. Evid. 404(b) advisory committee's notes, 1991 Amendments; *see Polk*, 715 F.3d at 249; *United States v. Hamilton*, 452 F.2d 472, 479 (8th Cir. 1971); *see also United States v. Miller*, 698 F.3d 699, 704 (8th Cir. 2012) ("In 1975, Congress amended Rule 16 to eliminate a requirement that the government disclose its witnesses prior to trial.").

In this case, the Court finds that disclosing 404(b) evidence 14 days prior to trial provides reasonable notice before trial. As such, consistent with the parties' agreement, no later than 14 days prior to trial, the Government shall provide reasonable written notice of all "extrinsic" evidence then known to the Government that the Government intends to offer within the purview of Rule 404(b), articulating "the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B). Defendant's motion is otherwise denied. If the Government subsequently discovers additional extrinsic evidence, it shall provide reasonable notice of such evidence as soon as practicable after such discovery. *See* Fed. R. Evid. 404(b)(3)(C).

6. Defendant's Motion to Disclose Evidence Favorable to the Defendant, ECF No. 45, is **GRANTED IN PART** and **DENIED IN PART**.

Defendant seeks disclosure of evidence favorable to him under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. ECF No. 45 at 1. The Government responds that it is aware of, has complied, and will continue to comply with its discovery obligations under *Brady*, *Giglio*, and their progeny. Gov't's Consolidated Resp. at 9. The Government objects to Defendant's requests to the extent they go beyond those discovery obligations. *Id*.

"The Due Process Clause of the Fifth Amendment requires the government to disclose to the accused favorable evidence that is material to guilt or punishment." *United States v. Dones-Vargas*, 936 F.3d 720, 722 (8th Cir. 2019) (citing *Brady*, 373 U.S. at 87). Further, "[t]he [Supreme] Court has extended *Brady* protection to witness-credibility evidence when the reliability of the witness 'may well be determinative of guilt or innocence.'" *United States v. Sigillito*, 759 F.3d 913, 930 (8th Cir. 2014) (quoting *Giglio*, 405 U.S. at 154); *see also United States v. Whitehill*, 532 F.3d 746, 753 (8th Cir. 2008) ("*Brady* applies to exculpatory and impeachment evidence, whether or not the accused has specifically requested the information." (citations omitted)). "One reason for this extension to witness-credibility evidence is because exposure of a witness's motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." *Sigillito*, 759 F.3d at 930 (quotation omitted). The Eighth Circuit Court of Appeals "ha[s] determined that witness motivations, like the payment of money as an incentive to change testimony, fall within the *Brady* disclosure requirement." *Id.* (citing *United States v. Librach*, 520 F.2d 550, 554 (8th Cir. 1975)). "Furthermore, the prosecutor must disclose the possibility of a reward that gives the witness a personal stake in the

8

defendant's conviction." *Id.* (citing *United States v. Bagley*, 473 U.S. 667, 683 (1985)).

Nevertheless, "[a] federal criminal defendant generally has no right to know about government witnesses prior to trial." *Polk*, 715 F.3d at 249 (quotation omitted); *see Hamilton*, 452 F.2d at 479 ("The request for statements of witnesses not to be called at trial is merely another way of determining whether the co-conspirators named in the indictment would be witnesses at trial, . . . [and] the identity of witnesses is information the government is not normally required to supply to the criminal defendant." (quotation omitted)); *United States v. Wisman*, No. 4:06CR0036 DJS/TCM, 2006 WL 587601, at *2 (E.D. Mo. Mar. 9, 2006) ("The statements of a non-witness are not discoverable.").

Defendant's motion is granted in part to the extent that the Government shall comply fully with its obligations under *Brady*, *Giglio*, and their progeny and disclose all exculpatory and impeachment evidence as well as Jencks Act and Federal Rule of Criminal Procedure 26.2 materials. If the Government subsequently discovers additional exculpatory or impeachment evidence, it shall disclose such evidence as soon as practicable after such discovery.

To the extent Defendant seeks discovery and disclosures outside the Government's obligations under these authorities or seeks materials that have already been produced, such request is denied. *See Johnson*, 228 F.3d at 924 ("Criminal defendants do not have a general constitutional right to discovery."). Further, to the extent Defendant seeks the statements of non-testifying witnesses not otherwise encompassed within the Government's disclosure obligations, these requests are likewise denied. *See Hamilton*, 452 F.2d at 479; *Wisman*, 2006 WL 587601, at *2.

7. Defendant's Motion for Disclosure of Post-Conspiracy Statements of Co-Defendants or Co-Conspirator, ECF No. 46, is **DENIED IN PART** to the extent Defendant seeks disclosure under Federal Rule of Criminal Procedure 16 and is **DENIED WITHOUT PREJUDICE IN PART** as premature to the extent Defendant seeks relief under *Bruton v. United States*, 391 U.S. 123 (1968).

Pursuant to Rule 16 and *Bruton*, Defendant moves "for an Order [c]ompelling the government to give notice and disclosure of any intent to use or refer to, or introduce into evidence at trial the statements or confessions of any defendant or unindicted co-conspirator, together with a designation of which statement(s) or confession(s) the government plans to use at trial." ECF No. 46 at 1.

The Government contends that the motion is premature because such a ruling should be obtained through a pretrial motion in limine. Gov't's Consolidated Resp. at 10. The Government argues that "[t]he trial judge will preside over any evidentiary determinations made pursuant to the Rules of Evidence, including whether a co-conspirator's statement falls within the definition of Rule 801(d)(2)(E)," and Defendant's motion should therefore be denied without prejudice. *Id*. at 9-10.

Rule 16 "does not cover testimony by a government witness as to an oral statement by a conspirator in the course of the conspiracy. It covers oral statements made by a defendant 'in response to interrogation by any person then known to the defendant to be a government agent.'" *United States v. Hoelscher*, 914 F.2d 1527, 1535 (8th Cir. 1990) (quoting *United States v. Vitale*, 728 F.2d 1090, 1093-94 (8th Cir. 1984)). Rule 16 "stresses that only 'statements made by the defendant' are discoverable." *United States v. Manthei*,

10

979 F.2d 124, 126 (8th Cir. 1992). Therefore, the Court denies Defendant's motion insofar as he seeks pretrial disclosure of statements or confessions of any co-defendant or unindicted co-conspirator pursuant to Rule 16.

*Bruton* held that the admission of an incriminating statement by a non-testifying co-defendant at a joint trial violates the defendant's rights under the Confrontation Clause. 391 U.S. at 137; *United States v. Singh*, 494 F.3d 653, 658 (8th Cir. 2007). "*Bruton*, however, does not preclude the admission of otherwise admissible statements by a co-conspirator under Rule 801(d)(2)(E)." *Singh*, 494 F.3d at 658 (citing *United States v. Mickelson*, 378 F.3d 810, 819 (8th Cir. 2004) ("However, when the statements are those of a co-conspirator and are admissible under Federal Rule of Evidence 801(d)(2)(E), the Sixth Amendment and *Bruton* are not implicated.")). Therefore, "co-conspirators' statements made in furtherance of a conspiracy and admitted under Rule 801(d)(2)(E) are generally non-testimonial and, therefore, do not violate the Confrontation Clause as interpreted by the Supreme Court." *Id.* (citing *Crawford v. Washington*, 541 U.S. 36, 51-54 (2004)); *see United States v. Lee*, 374 F.3d 637, 644 (8th Cir. 2004) (applying *Crawford* in holding that casual statements to an acquaintance, statements to a co-conspirator, and business records are not testimonial).

At this juncture, it is not clear what evidence the Government will actually seek to introduce at trial and whether any *Bruton* issues will in fact arise. *See United States v. Needham*, No. 12-cr-206(5) (DWF/LIB), 2012 WL 6755386, at *4 (D. Minn. Dec. 10, 2012), *report and recommendation adopted*, 2013 WL 25213 (D. Minn. Jan. 2, 2013); *United States v. Billups*, 442 F. Supp. 2d 697, 706 (D. Minn. 2006). These types of

11

evidentiary issues, and any appropriate responsive measures, are matters best left to the sound discretion of the district court at trial. Accordingly, to the extent Defendant seeks relief under *Bruton*, his motion is denied without prejudice as premature.

To the extent post-conspiracy statements of any co-defendant or unindicted co-conspirators are discoverable under *Brady*, the Jencks Act, or some other authority, the Court expects the Government will honor its disclosure obligations. *See United States v. Abari*, No. 19-cr-103 (MJD/ECW), 2019 WL 2417711, at *1 (D. Minn. June 10, 2019); *United States v. Perez*, No. 16-cr-154(4) (ADM/BRT), 2018 WL 3000336, at *2 (D. Minn. June 15, 2018).

8. Defendant's Motion for Government Agents to Retain Rough Notes, ECF No. 47, is **GRANTED**.

Defendant moves "for an order requiring any law enforcement agent, including any confidential reliable informants, to retain and preserve all rough notes taken as a part of their investigation . . . ." ECF No. 47 at 1. The Government does not object to the motion and notes that it has already instructed law enforcement officials involved in the investigation of this case to do so. Gov't's Consolidated Resp. at 10.

Defendant's request for the retention of rough notes is granted. To the extent that it has not already done so, the Government shall direct its agents to preserve any rough notes pertaining to this matter.

9. All prior consistent orders remain in full force and effect.

10. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.

Date: March   23  , 2023                               *s/ Tony N. Leung*
                                                       Tony N. Leung
                                                       United States Magistrate Judge
                                                       District of Minnesota


                                                       *United States v. Sorensen*
                                                       Case No. 21-cr-196 (PJS/TNL)